IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| $16,850 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF POSTAL INSPECTOR NATHAN BUCK

I, Nathan E. Buck, Postal Inspector, United States Postal Inspection Service, having been duly sworn under oath, state as follows:

1. I am a Postal Inspector with the United States Postal Inspection Service ("USPIS") currently assigned to the Roanoke Domicile. I am a "Federal Law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant. I completed the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement Training Center in 2019. Prior to becoming a Postal Inspector, I was a Deputy U.S. Marshal for four years in the Southern District of Texas. I have received formal training in conducting criminal investigations into drug trafficking and money laundering organizations that utilize the United States Postal Service ("USPS").

2. I know based on training and experience that the U.S. Mail is often used by drug trafficking organizations to transport controlled substances and proceeds from the sale of controlled substances. I know based on training and experience that USPS Priority Mail and Priority Mail Express are commonly used to transport controlled substances, and drug trafficking

proceeds, because drug traffickers can track parcels, control dispatch times and locations, and have a guarantee of delivery in one to three days.

3. The facts and information contained in this affidavit are based upon my personal observations, training, experience, and information from other agents and officers. All observations not personally made by me were relayed to me by the individuals who made them or were conveyed to me by my review of records, documents, and other evidence obtained during the course of this investigation.

4. This affidavit contains information necessary to support a civil forfeiture complaint relating to $16,850 in U.S. currency that is the proceeds of drug distribution, and/or proceeds of an unlicensed money transmitting business, in violation of 21 U.S.C. § 841, and/or 18 U.S.C. § 1960, and is therefore subject to forfeiture under 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 981.

**Probable Cause**

5. On September 30, 2024, a USPS manager contacted your affiant regarding suspicious parcels being sent from Martinsville, Virginia to Santa Ana, California. The USPS manager advised at least three different subjects have come into two different post offices in Martinsville, Virginia. The various subjects purchased twelve postal Money Orders totaling $11,450.00. Subsequently, the twelve Postal Money Orders were mailed to Santa Ana, California using a Priority Mail Express Flat Rate Envelope. Postal management advised your affiant they knew the sender as "Regina Hines."

6. On September 30, 2024, Hines purchased $1,700.00 in Postal Money Orders at the Central Martinsville Post Office located at 1 West Church St, Martinsville, VA 24112. She

then went to the Martinsville Post Office located at 1123 Spruce St., Martinsville, VA 24112, and purchased an additional $1,750.00 in Postal Money Orders the same day.

7. Continuing on September 30, 2024, a male subject purchased $8,000.00 in Postal Money Orders at approximately 1:08 p.m. at the Martinsville Post Office, 1123 Spruce St. Martinsville, VA 23112. At approximately 2:29 p.m. a female purchased $1,750.00 in Postal Money Orders at the same post office (Martinsville Post Office on Spruce St.). At approximately 2:40 p.m., a male purchased $1,700.00 in Postal Money Orders at the Central Martinsville Post Office, 1 West Church St, Martinsville, VA 24112.

8. On September 30, 2024, at approximately 3:52 p.m., Hines mailed the Postal Money Orders, totaling $11,450.00, in a Priority Mail Express Flat Rate Envelope bearing tracking number "EI 987 517 529 US (SUBJECT PARCEL). The SUBJECT PARCEL listed a return address of Denise Claybrooks, 1105 Country Spring Rd, Martinsville, VA 24112, and was addressed to Thang Huynh, 502 S. Cooper St. Santa Ana, CA 92704.

9. On October 1, 2024, I took possession of the SUBJECT PARCEL. On October 3, 2024, your affiant requested a narcotic detection canine from the Roanoke Police Department. Officer Jeffery Cobb, and his narcotic detection canine, "Vader," responded to the USPS Roanoke Processing and Distribution Center located at 419 Rutherford Avenue NE, Roanoke, Virginia 24022. Vader is trained in the detection of cocaine, heroin, and methamphetamine. Vader was certified through Roanoke Police Department Narcotic Detector Canine/Handler Course in 2023 and has been recertified annually with his last certification on March 19, 2025. The SUBJECT PARCEL was placed in a parcel line-up, consisting of the SUBJECT PARCEL and randomly selected parcels, and then subjected to an exterior search by Canine "Vader."

Officer Cobb advised your affiant that Canine "Vader" did not alert to the SUBJECT PARCEL. According to Officer Cobb, this meant Canine "Vader" did not detect presence of the odor of an illegal drug emanating from the SUBJECT PARCEL. Based on your affiant's training and experience, parcels suspected to contain illegal drugs and/or drug proceeds do not always result in detection by a narcotic canine due to a lack of narcotic odor detectable by the canine. Nevertheless, your affiant has seized narcotics and/or drug proceeds from parcels that a narcotic detection canine did not alert on.

10. On October 3, 2024, I obtained federal search warrant 7:24mj158 for the SUBJECT PARCEL from United States Magistrate Judge C. Kailani Memmer in the Western District of Virginia. On October 4, 2024, USPIS Task Force Officer C. Keen and I executed the federal search warrant on the SUBJECT PARCEL. Inside the SUBJECT PARCEL, we identified ten $1,000.00 Postal Money Orders, one $750.00 Postal Money Order, one $700.00 Postal Money Order, ten $500.00 Western Union money orders, and two $200.00 Western Union money orders, totaling $16,850.00. Of the Postal Money Orders seized from the SUBJECT PARCEL, $9,750.00 were purchased at the Martinsville, VA Post Office on September 30, 2024, and $1,700.00 in Postal Money Orders were purchased at the Central Martinsville Post Office on September 30, 2024, as outlined above.

11. The return address on the SUBJECT PARCEL was handwritten as Denise Claybrooks, 1105 Country Spring Rd, Martinsville, VA 24112. The return address, however, is an invalid address. A search of law enforcement databases used to gather information for the return address disclosed the name "Denise Claybrooks" could not be associated to the return address or any address in Martinsville, VA.

12. The recipient of the SUBJECT PARCEL, "Thang Huynh," is not associated to the recipient address, 502 S. Cooper St., Santa Ana, CA 92704, although it is a valid address. The recipient address is a house in a residential area and is not associated with any registered businesses.

13. According to postal business records, two prior parcels were mailed from Martinsville, VA to Thang Huynh at the 502 S. Cooper St. Santa Ana, CA 92704 address. On August 17, 2024, a USPS Priority Mail Flat Rate Envelope bearing tracking number "9505 5104 2591 4230 4726 79" and a handwritten label listed the return address of Sam Elliot, 700 Cliff St. Martinsville, VA 24112 and recipient address of Thang Huynh, 502 S. Cooper St. Santa Ana, CA 92704. A search of postal service databases disclosed the return address to be invalid and Sam Elliot could not be associated with 700 Cliff St. Martinsville, VA 24112 address or to any address in Martinsville, VA. On September 7, 2024, a USPS Priority Mail Flat Rate Envelope bearing tracking number "9505 5104 2591 4251 4765 71" and a handwritten label listed the return address of Amanda Elliott, 200 Stultz Rd # 103, Martinsville, VA 24112 and recipient address of Thang Huynh, 502 S. Cooper St. Santa Ana, CA 92704. A search of postal service databases disclosed the address to be invalid and Amanda Elliott could not be associated to 200 Stultz Rd. # 103, Martinsville, VA 24112. A search of postal service business records revealed that between January 19, 2024, and September 30, 2024, thirteen parcels were mailed from Martinsville, VA to 502 S. Cooper St. Santa Ana, California 92704.

14. On October 3, 2024, a package inquiry service request was submitted for the SUBJECT PARCEL. A package inquiry service request is a USPS tool that customers can use to query the status of packages sent through USPS. The name provided for the service request was Shantae Atkins, 935 Blankenship Rd. Apt. 13, Martinsville, VA 24112. The contents of the

5

parcel were not indicated on the request. Shantae Atkins was not listed as the sender name on the SUBJECT PARCEL or any of the known parcels mailed to the California address.

15. On December 11, 2024, Western Union contacted the U.S. Postal Inspection Service, Richmond, VA Domicile, regarding a request for a refund from the purchaser of the money orders from the SUBJECT PARCEL. Western Union advised that Shantae Aiken and Rickey Flood requested a refund for the money orders as the purchasers. Western Union has the seized Western Union Money Orders flagged per USPIS request, meaning they would not be refunded to the purchaser pending USPIS's investigation.

16. On December 26, 2024, a USPIS personal notice letter was mailed to Shantae Aiken and Rickey Flood, at 935 Blankenship Rd. #3, Martinsville, VA 24112. On February 2, 2025, a valid claim for seized property was received from Shantae Aiken. Ms. Aiken's claim stated the money orders were for the purchase of a vehicle, but did not indicate what vehicle she was purchasing, an advertisement for any vehicle for sale, or otherwise provide any evidence that the money orders were indeed for the purchase of a vehicle.

## Money related to controlled substances

17. I am aware from my training and experience that controlled-substance proceeds are often concealed in such a way as to avoid reporting requirements and transported physically for the purpose of avoiding traceable transactions in the conventional banking system. The Postal Money Orders and Western Union Money Orders found in the SUBJECT PARCEL were not written out to an individual, business, or other documents for purchasing a vehicle. The seized money orders were blank other than the monetary amount and there were no notes, purchase documents, or other paperwork to indicate the money orders were for a legitimate

purpose. Furthermore, the claimants, Shantae Aiken and Rickey Flood, did not provide any documentation to support their claim that the money orders were for the purchase of a vehicle.

18. Neither Shantae Aiken nor Rickey Flood are associated with a licensed money transmitting business.

19. Therefore, I believe that the U.S. currency is proceeds and/or involved in violations of ongoing criminal activity relating to the distribution and sale of narcotics and forfeitable under 21 U.S.C. § 881(a)(6), and/or proceeds from an unlicensed money transmitting business.

## **CONCLUSION**

20. Based on the foregoing information, I believe probable cause exists to forfeit the seized $16,850 in U.S. currency. I submit that probable cause exists to believe that the subject property is forfeitable under 21 U.S.C. § 881(a)(6), as currency and other things of value constituting proceeds, facilitating property, or property furnished or intended to be furnished in exchange for a controlled substance. Additionally, probable cause exists to believe that the subject property is forfeitable under 21 U.S.C. § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960.

*Nathan E. Buck*
Nathan E. Buck, Postal Inspector
U.S. Postal Inspection Service